IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD KOWALSKI, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN AIRLINES, INC., a Delaware Corporation,<br><br>    Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

Defendant American Airlines, Inc. ("American") removes this matter from the Circuit Court of Cook County, Illinois, County Department, Chancery Division (the "State Court") to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1332(a) and (d). In support of removal, American states as follows:

## BACKGROUND TO THE NOTICE OF REMOVAL

1. On November 17, 2017, Plaintiff Edward Kowalski ("Plaintiff"), individually and on behalf of a putative class of similarly situated individuals, commenced this action by filing in the State Court a Complaint captioned *Edward Kowalski, individually and on behalf of a class of similarly situated individuals v. American Airlines, Inc.*, Case No. 2017-CH-15328.[1]

2. On November 20, 2017, Plaintiff served a copy of the Summons and Complaint on American.

---

[1] American has attached as Exhibit A the documents from the State Court action.

3.  The Complaint purports to assert a class claim under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

4.  Plaintiff, an employee of American who works at O'Hare International Airport ("O'Hare"), alleges that American "actively captures, collects, stores, and uses, without obtaining informed written consent or publishing its data retention and deletion policies, the biometrics of hundreds, if not thousands, of its workers throughout the state of Illinois whose fingerprints are captured and stored for timekeeping purposes." (Compl. ¶¶ 8, 25.) Plaintiff claims that "Defendant's practice with respect to capturing, collecting, storing, and using biometric identifiers and biometric information fails to comply with applicable BIPA," and thus "Defendant violated Plaintiff's and the other Class members' respective right to Privacy as set forth in the BIPA." (*Id.* ¶¶ 51-52.)

5.  Plaintiff alleges that "Defendant's violations of the BIPA . . . were knowing and willful, or were in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with the BIPA disclosure, consent, and policy posting requirements." (*Id.* ¶ 54.) Based on these allegations, Plaintiff seeks, on behalf of himself and others similarly situated, statutory damages of $5,000 for each willful and/or reckless BIPA violation and $1,000 for each negligent BIPA violation; compensation in an amount to be determined at trial for the commercial value of Plaintiff's biometric information; reasonable attorneys' fees, costs, and other litigation expenses pursuant to BIPA; and pre- and post-judgment interest, among other relief. (*Id.* Prayer for Relief.)

6.  Plaintiff defines the putative class as follows: "All individuals whose biometrics were captured, collected, obtained, stored or used by Defendant within the state of Illinois any time within the applicable limitations period." (*Id.* ¶ 37.)

**GROUNDS FOR REMOVAL**

7. This Court has jurisdiction over this action pursuant to (i) 28 U.S.C. § 1332(a) because the parties are diverse and the amount in controversy exceeds $75,000; and (ii) the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because there is minimal diversity between the purported class and American, the proposed class consists of more than 100 members, and the amount in controversy exceeds $5 million, aggregating all claims (exclusive of interests and costs).

**REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1332(a)**

8. Plaintiff is a citizen of Illinois. (Compl. ¶ 13.)

9. For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business (*i.e.*, where the corporation maintains its headquarters that is the center of direction, control, and coordination of the corporation). *See Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (citing 28 U.S.C. § 1332 (c)(1)); *Hertz Corp v Friend*, 559 U.S. 77 (2010). American is incorporated in the State of Delaware and is thus a citizen of Delaware. (*See* Compl. ¶ 12; Annual Form 10-K, American Airlines Group Inc. and American Airlines, Inc., at 1 (Feb. 22, 2017), https://www.sec.gov/Archives/edgar/data/4515/000119312517051216/d286458d10k.htm.) American's corporate headquarters and its principal place of business is in Texas, and thus American is also a citizen of Texas. (*See id.*)

10. Because Plaintiff is a citizen of Illinois and American is a citizen of Delaware and Texas, complete diversity exists between the parties pursuant to 28 U.S.C. § 1332(a)(1).

11. The amount in controversy requirement under 28 U.S.C. § 1332(a) is met because, based on Plaintiff's allegations, his alleged damages exceed $75,000. *See Andrews v.*

3

*E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (considering amounts of potential damages based on allegations in complaint in determining amount in controversy).

12. Plaintiff alleges that he "was required to provide his biometric information as a condition of his employment" and that such "biometric information is associated with [his] identit[y] and used by Defendant to identify and track [his] work time." (Compl. ¶¶ 27-28.) Specifically, Plaintiff alleges that "[a]fter workers' biometrics are captured and collected by Defendant, Defendant requires such workers to, scan their fingers into one of Defendant's biometric timekeeping devices at a minimum each time they 'clock-in' and 'clock-out.'" (*Id.* ¶ 29.) Plaintiff further alleges that "[e]ach instance" he "scanned [his] fingers into Defendant's timekeeping devices, Defendant captured, collected, stored, and/or used Plaintiff's . . . biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA." (*Id.* ¶ 50.) Plaintiff claims that each such violation was willful and/or reckless, and thus BIPA entitles him to $5,000 per violation. (*Id.* at ¶¶ 36, 54, Prayer for Relief.)

13. While American denies that Plaintiff is entitled to any relief, based on his allegations and interpretation of the statute, Plaintiff would have to clock in or out by scanning his finger only 16 times—equivalent to eight working days—before his statutory damages would exceed $75,000 (16 scans times $5,000/violation equals $80,000). Because American installed the finger-scan enabled time clock system at O'Hare in May 2017, and because Plaintiff has been employed by American at O'Hare since that time, the amount in controversy exceeds $75,000. (Declaration of Mark Mitchell ("Mitchell Decl.") ¶ 2.)

## REMOVAL IS PROPER PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005

14. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), which provides that the United States District Courts have original jurisdiction over any class

action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant, and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[2] All three conditions are satisfied here.

15. First, Plaintiff alleges that "there are hundreds, if not thousands, of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable." (Compl. ¶ 39.) Thus, this action involves a putative class of 100 or more members.

16. Second, as established above, Plaintiff is a citizen of Illinois and American is a citizen of Delaware and Texas. (*See supra* ¶¶ 8-9.) Thus, at least one member of the class of plaintiffs is a citizen of a state different from the defendant within the meaning of 28 U.S.C. § 1332(d)(2)(A).

17. Third, based on Plaintiff's allegations and interpretation of the statute, the claims asserted by Plaintiff on behalf of the proposed class—aggregated as required by 28 U.S.C. § 1332(d)(6)—exceed $5 million. Although American denies that Plaintiff and/or any putative class member is entitled to any relief based on the allegations in the Complaint, given the size of the putative class and the relief sought, the amount in controversy in this litigation exceeds $5 million.

---

[2] Defendant does not waive, and expressly reserves, all arguments that this matter is improper for class certification.

18. Plaintiff alleges that "there are hundreds, if not thousands, of members of the Class . . . ." (Compl. ¶ 39.) There are approximately 3,000 current American employees at O'Hare who clock in and out on their assigned workdays using the finger-scanning system. (Mitchell Decl. ¶ 3.) Because Plaintiff alleges that each putative class member is entitled to $5,000 in statutory damages for each finger scan, the $5 million amount in controversy would be satisfied even after one workday of each putative class member clocking in and out. (*See* Compl. ¶¶ 36, 54, Prayer for Relief.) Even if there were only 100 putative class members, each of whom worked for a five-day workweek and scanned a finger twice per day, the amount in controversy would equal $5 million. Thus, the amount in controversy required for removal is satisfied.

## **REMOVAL PROCEDURAL REQUIREMENTS HAVE BEEN MET**

19. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court because this action was originally filed in the State Court, which is located in the Northern District of Illinois.

20. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon American in the State Court action are attached as Exhibit A.

21. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was filed within 30 days of American's receipt, by service or otherwise, of a copy of the Complaint.

22. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, American will give written notice to Plaintiff and will file a copy of this Notice of Removal with the clerk of the State Court.

23. No previous application has been made for the relief requested herein.

24. By filing this Notice of Removal, American does not waive any defenses that may be available to it (including, without limitation, any defenses relating to service, process, and

6

jurisdiction) and does not concede that the allegations in the Complaint state a valid claim under any applicable law.

    25.    American reserve the right to amend or supplement this Notice of Removal in the event that additional grounds for removal become apparent.

    WHEREFORE, American respectfully gives notice of and removes the action to this Court.

Dated: December 18, 2017

Respectfully submitted,

AMERICAN AIRLINES, INC.

By: /s/ Patrick J. Castle
    One of Its Attorneys

Bert Ocariz (*pro hac vice* pending)
SHOOK, HARDY & BACON L.L.P.
201 South Biscayne Boulevard, Suite 3200
Miami, FL 33131
(305) 358-5171
hocariz@shb.com

Patrick J. Castle
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, 51st Floor
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195
Firm No. 58950
pcastle@shb.com

O'MELVENY & MYERS LLP
Mark W. Robertson
(*pro hac vice* pending)
Sloane Ackerman
(*pro hac vice* pending)
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: mrobertson@omm.com
    sackerman@omm.com

*Attorneys for American Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

    I, Patrick J. Castle, an attorney, hereby certify that on **December 18, 2017**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of record in *Kowalski, et al. v. American Airlines, Inc.,* Case No. 2017 CH 15328, in the Circuit Court of Cook County, addressed as follows:

        Myles McGuire
        Evan M. Meyers
        MCGUIRE LAW, P.C.
        55 West Wacker Drive, 9th Floor
        Chicago, IL  60601
        Tel:  (312) 893-7002
        Fax:  (312) 275-7895
        mmcguire@mcgpc.com
        emeyers@mcgpc.com
            ***Attorneys for Edward Kowalski***



            */s/ Patrick J. Castle*