# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
11/20/2017
CT Log Number 532335306

TO: Lisa Magdaleno
American Airlines Group Inc.
4333 Amon Carter Blvd, MD-5675
Fort Worth, TX 76155-2664

RE: **Process Served in Delaware**

FOR: American Airlines, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | EDWARD KOWALSKI, individually and on behalf of a class of similarly situated individuals, Pltf. vs. AMERICAN AIRLINES, INC., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint |
| **COURT/AGENCY:** | Cook County - Circuit Court, IL<br>Case # 2017CH15328 |
| **NATURE OF ACTION:** | Violation of the Illinois Biometric Information Privacy Act |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/20/2017 at 13:15 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this Summons, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Evan M. Meyers<br>McGuire Law, P.C.<br>55 W. Wacker Drive, 9th Fl.<br>Chicago, IL 60601<br>312-893-7002 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1Z0399EX0132039945 |
| | Image SOP |
| | Email Notification, Townley Teso townley.teso@aa.com |
| | Email Notification, Lisa Magdaleno lisa.magdaleno@aa.com |
| **SIGNED:** | The Corporation Trust Company |
| **ADDRESS:** | 1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **TELEPHONE:** | 302-658-7581 |

Page 1 of 1 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, <u>CHANCERY</u> DIVISION

No. 2017CH15328

CALENDAR/ROOM 05

AMERICAN AIRLINES, INC.

Class Action

c/o The Corporation Trust Company

Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801

EDWARD KOWALSKI, individually and on behalf of a class of similarly situated individuals,

**(Name all parties)**

v.

AMERICAN AIRLINES, INC., Defendant.

## ⦿ SUMMONS ◯ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⦿ Richard J. Daley Center, 50 W. Washington, Room <u>802</u>, Chicago, Illinois 60602

◯ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

◯ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

◯ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

◯ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: <u>56618</u>

Name: <u>McGuire Law, P.C.</u>

Atty. for: <u>Plaintiff</u>

Address: <u>55 W. Wacker Drive, 9th Floor</u>

City/State/Zip: <u>Chicago, IL 60601</u>

Telephone: <u>(312) 893-7002</u>

WITNESS,

DOROTHY BROWN NOV 17 2017

Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Chancery Division Civil Cover Sheet - General Chancery Section       **(Rev. 11/06/13) CCCH 0623**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

EDWARD KOWALSKI, Individually and on behalf of a class of similarly situated individuals

                                    **Plaintiff**

v.

AMERICAN AIRLINES, INC., Defendant.

                                   **Defendant**

**No.** 2017CH15328
CALENDAR/ROOM 05
TIME 00:00
Class Action

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

0005 ☐ Administrative Review
0001 ☑ Class Action
0002 ☐ Declaratory Judgment
0004 ☐ Injunction

| | | |
|---|---|---|
| 0007 ☐ General Chancery | 0019 ☐ Partition |
| 0010 ☐ Accounting | 0020 ☐ Quiet Title |
| 0011 ☐ Arbitration | 0021 ☐ Quo Warranto |
| 0012 ☐ Certiorari | 0022 ☐ Redemption Rights |
| 0013 ☐ Dissolution of Corporation | 0023 ☐ Reformation of a Contract |
| 0014 ☐ Dissolution of Partnership | 0024 ☐ Rescission of a Contract |
| 0015 ☐ Equitable Lien | 0025 ☐ Specific Performance |
| 0016 ☐ Interpleader | 0026 ☐ Trust Construction |
| 0017 ☐ Mandamus | ☐ Other (specify) _____ |
| 0018 ☐ Ne Exeat | |

**By:** Myles McGuire Esq.

☑ **Atty. No.:** 56618     ☐ **Pro Se** 99500

**Name:** McGuire Law, P.C.

**Atty. for:** Plaintiff

**Address:** 55 W. Wacker Drive, 9th Floor

**City/State/Zip Code:** Chicago, IL 60601

**Telephone:** (312) 893-7002

Service via email from the opposing party/counsel will be accepted at:

_____

by consent pursuant to Ill. Sup. Court Rules 11 and 131.

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

_____

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

EDWARD KOWALSKI, individually and )
on behalf of a class of similarly situated )
individuals, )
                          )     No.
        *Plaintiff,* )
                          )
          v.           )     Hon.
                          )
AMERICAN AIRLINES, INC., a )
Delaware corporation, )
                          )
       *Defendant.* )

No. 2017CH15328
CALENDAR/ROOM 05
TIME 00:00
Class Action

### CLASS ACTION COMPLAINT & JURY DEMAND

Plaintiff Edward Kowalski ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant American Airlines, Inc. ("American" or "Defendant"), to stop Defendant's capture, collection, use, and storage of individuals' biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows based on personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### INTRODUCTION

1.      This case concerns an operator of an international commercial airline capturing, collecting, storing, and using Plaintiff's and other workers' biometric identifiers and/or biometric information without regard to BIPA and the concrete privacy rights and pecuniary interests Illinois' BIPA protects. Defendant does this in the form of finger scans, which capture a person's fingerprint, and then Defendant uses that fingerprint to identify that same person in the future.

2.      Following the 2007 bankruptcy of a company specializing in the collection and use of biometric information, which risked the sale or transfer of millions of fingerprint records to the highest bidder, the Illinois legislature passed detailed regulations addressing the collection, use and retention of biometric information by private entities, such as Defendant.

3.      Choosing to shun more traditional timekeeping methods, Defendant has instead implemented an invasive program that relies on the capture, collection, storage, and use of its workers' fingerprints, while disregarding the applicable Illinois statute and the privacy interests it protects.

4.      Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in capturing, collecting, storing, and using Plaintiff's and other similarly situated individuals' biometric identifiers and biometric information without informed written consent, in direct violation of the Illinois' BIPA. *See* 740 ILCS § 14/10.

5.      The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. A "biometric identifier" is any personal feature that is unique to an individual and includes fingerprints, facial scans, iris scans, palm scans, and DNA, among others. "Biometric information" is any information captured, converted, stored, or shared based on a person's biometric identifier which is used to identify an individual. 740 ILCS § 14/10.

6.      Additionally, biometrics are no longer quietly relegated to esoteric corners of commerce.    Today, many businesses and financial institutions have incorporated biometric applications into their consumer products, including such ubiquitous consumer products as checking accounts and cell phones.  Moreover, the usage of biometrics has been incorporated into the labor and employment side of commerce for timekeeping purposes, as is the case here.

7.      In recognition of the concern regarding the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they first:

(1) inform that person in writing that biometric identifiers or information will be collected or stored;

(2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers for biometric information is being collected, stored and used;

(3) receive a written release from the person for the collection of their biometric identifiers or biometric information; and

(4) publish a publicly available retention schedule and guidelines for permanently destroying biometric identifiers and biometric information.

740 ILCS 14/5.

8.      In direct violation of the foregoing provisions, Defendant actively captures, collects, stores, and uses, without obtaining informed written consent or publishing its data retention and deletion policies, the biometrics of hundreds, if not thousands, of its workers throughout the state of Illinois whose fingerprints are captured and stored for timekeeping purposes.

3

9.     The workers' fingerprints are unique to each such worker, and Defendant's capture, collection, storage, and use of those biometric identifiers and information violates each workers' substantive privacy rights protected under BIPA and exposes workers to serious and irreversible privacy risks—risks that BIPA was designed to avoid—including the ever-present risk of a data breach of Defendant's systems, which could expose its employees' biometrics to hackers and other wrongdoers worldwide.

10.     Defendant's practice of collecting fingerprints from its workers, regardless of their employment history, is unlawful and a serious invasion of its workers' right to privacy concerning their biometric information. Defendant has failed to provide the required disclosures to inform its workers that they were collecting their biometric identifiers and failed to inform them of how long it intended to keep this highly sensitive information. To the extent Defendant is still retaining Plaintiff's and other similarly situated individuals' biometric information, such retention is an unlawful and continuing infringement of Plaintiff's and the putative Class members' right to privacy regarding their biometric identifiers and biometric information. Unlike a Social Security number, which can be changed, no amount of time or money can compensate Plaintiff, and other similarly situated individuals, if their fingerprints are compromised by the lax procedures through which Defendant captures, collects, stores and uses its workers' biometrics, and Plaintiff would not have provided his fingerprint to Defendant had he known that Defendant would retain such information for an indefinite period without his consent.

11.     On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to destroy the Class member's biometrics in Defendant's possession, to cease all unlawful activity related to the capture, collection, storage, and use of his

4

and other Class member's biometrics, and an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

12.     At all relevant times, Defendant American Airlines, Inc. has been a Delaware corporation registered with and authorized by the Illinois Secretary of State to transact business in Illinois. Defendant American Airlines, Inc. transacts business in Cook County, Illinois.

13.     At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois.

## JURISDICTION AND VENUE

14.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this state and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this state.

15.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Cook County and, thus, resides there under § 2-102.

## BACKGROUND

16.     Illinois enacted BIPA to regulate entities that capture, collect, store, and use biometric information, such as facial geometry scans, fingerprints, iris scans, and handprints.

17.     Under the BIPA, private entities may not collect, capture, purchase, receive through trade, or otherwise obtain a person's biometric identifier or biometric information unless they first:

(1) Inform the person in writing that a biometric identifier or biometric information is being collected;

(2) Inform the person in writing of the specific purpose and length of time for which a person's biometric identifier and/or biometric information is being captured, collected, stored, and used; and

(3) Receive a written release executed by the subject of the biometric identifier or biometric information providing consent.

740 ILCS 14/15(b).

18.     Section 15(a) of the BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information develop:

a.      A written policy;

b.      Available to the public;

c.      Which establishes a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information;

d.      Within three years of the individual's last interaction with the private entity, or when the initial purpose of for collecting or obtaining biometric identifiers and/or biometric information has been satisfied.

740 ILCS 14/15(a).

19.     Defendant is a "private entity" as that term is defined under the BIPA. *See* 740 ILCS 14/10.

20.     Defendant's workers are expected to scan their fingers to "clock-in" and "clock-out" of work every day. Defendant does this using biometric timekeeping devices, which capture, collect, store, and use the workers' fingerprints. These fingerprint scans are distinctive identifiers of each individual and constitute biometric identifiers and biometric information under BIPA.

6

21.     Unlike ID cards or key codes—which can be changed or replaced if stolen or compromised—fingerprints are unique, permanent biometric identifiers associated with the individual. Defendant's policies and actions violate workers' substantive privacy rights protected under BIPA and expose Plaintiff's and other workers to serious and irreversible privacy risks.

22.     The privacy risks associated with a person's biometrics are unparalleled; such information is more sensitive than a social security number, a passport, a birth certificate, etc. As such, Illinois' BIPA statute requires private entities to provide certain disclosures and obtain a written release from individuals prior to collecting their biometric identifiers and/or biometric information. Accordingly, BIPA protects an individual's right to be informed with respect to the capture, collection, storage, and use of their biometric identifiers, allowing them to make more informed decisions as to the circumstances under which they agree to provide their biometric identifiers and/or biometric information.

23.     BIPA mandates that entities, such as Defendant, that engage in the use of biometric identification systems do so with reasonable safeguards after receiving informed consent to take such biometric information from an individual.

24.     Defendant's practice of collecting, capturing, storing, and using an individual's biometric identifiers and/or biometric information is unlawful under BIPA because such practices fail to satisfy each of the enumerated requirements described above, and therefore severely infringe on its workers' right to privacy with regard to their biometric identifiers and biometric information.

**FACTS SPECIFIC TO PLAINTIFF**

25.     During the relevant time period, Plaintiff worked as a baggage handler for Defendant at O'Hare International Airport in Chicago, Illinois.

7

26.    Defendant is a leader in the airline industry, operating a global fleet of aircraft making thousands of flights around the world per day.

27.    Since managing this facility, Defendant's timekeeping practice has relied on a biometric information device which scan workers' fingerprints to "clock-in" and "clock-out" of work every day.  Plaintiff was required to provide his biometric information as a condition of his employment.

28.    Upon information and belief, Defendant acquired and installed biometric timekeeping devices at all of the facilities at which it operates and requires its workers, including Plaintiff, to have their fingers scanned by these biometric timekeeping devices, which capture, collect, store, and use worker's fingerprints.  Defendant's workers' biometric information is associated with their identities and used by Defendant to identify and track their work time.  Additionally, Defendant installed this technology and required its workers to use it in order to eliminate false positive identifications such as "buddy clocking" and other forms of timekeeping fraud.

29.    After workers' biometrics are captured and collected by Defendant, Defendant requires such workers to scan their fingers into one of Defendant's biometric timekeeping devices at a minimum each time they "clock-in" and "clock-out."  Defendant's system ensures that workers can only verify their attendance and timeliness through scanning such information.

30.    In addition to the occasion when workers' fingerprints are initially captured, on each occasion that Defendant's workers in Illinois scan a finger through Defendant's biometric timekeeping devices, Defendant is capturing and using workers' biometrics without regard to Illinois' statutory requirements under BIPA.

31.     Prior to obtaining Plaintiff's biometric identifiers and/or information, Defendant did not inform Plaintiff in writing that a biometric identifier or biometric information was being captured, collected, stored, or used, nor did Defendant make its policy about collection, retention, and use of such information publicly available as required by BIPA.

32.     Prior to taking Plaintiff's biometric identifiers and/or information Defendant did not make a written policy available to its workers or to the public establishing a retention schedule and guidelines for permanently destroying the biometric identifiers and biometric information that it collects, as required by BIPA. 740 ILCS 14/15(a).

33.     Additionally, Defendant did not obtain consent for any transmission to third parties of Plaintiff's and its other employees' biometrics. To the extent Defendant utilizes out of state vendors to operate its biometrics program in conformance with biometric industry practice, Defendant has also violated BIPA on each occasion it transmits such information to such third parties.

34.     To this day, Plaintiff is unaware of the status of his biometric information that was obtained by Defendant. Defendant has not informed Plaintiff whether it still retains his biometric information, and if it does, for how long it intends to retain such information without his consent. Plaintiff's biometric information is economically valuable and such value will increase as the commercialization of biometrics continues to grow. As such, Plaintiff was not sufficiently compensated by Defendant for the retention of his biometric information and Plaintiff would not have agreed to work for Defendant, at least not for the compensation he received, had he known that Defendant would retain his biometric information indefinitely.

35.     Upon information and belief, Defendant does not have a policy of informing its workers in any way what happens to their biometric information after it is captured, collected, and

9

obtained, whether the information is transmitted to a third party and, if so, which third party, and what would happen to the information if an individual discontinues working for Defendant, if a facility were to close, or if Defendant were to be acquired, sold, or file for bankruptcy.

36.     By knowingly and willfully failing to comply with the BIPA's mandatory notice, release, and policy publication requirements, Defendant has violated workers' substantive privacy rights protected under the BIPA, and as a result, Plaintiff and the other members of the Class have continuously been exposed to substantial and irreversible loss of privacy by Defendant's retention of their biometric information without their consent, with such constant and ongoing exposure constituting a severe harm and violation of their rights.

## CLASS ALLEGATIONS

37.     Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class (the "Class") defined as follows:

> All individuals whose biometrics were captured, collected, obtained, stored or used by Defendant within the state of Illinois any time within the applicable limitations period.

38.     Excluded from the Class are any members of the judiciary assigned to preside over this matter, any officer or director of Defendant, and any immediate family member of such officer or director.

39.     Upon information and belief, there are hundreds, if not thousands, of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can easily be ascertained through Defendant's personnel records.

40.     Plaintiff's claims are typical of the claims of the Class members he seeks to represent because the factual and legal bases of Defendant's liability to Plaintiff and the other Class members is the same and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the other putative Class members have all suffered damages as a result of Defendant's BIPA violations.

41.     There are many questions of law and fact common to the claims of Plaintiff and the other Class members, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

a.      Whether Defendant collects, captures, stores, or uses the biometrics of Class members;

b.      Whether Defendant developed and made available to the public a written policy that establishes a retention schedule and guidelines for permanently destroying biometric identifiers and information as required by BIPA;

c.      Whether Defendant obtained a written release from Class members before capturing, collecting, or otherwise obtaining workers' biometrics;

d.      Whether Defendant provided a written disclosure to its workers that explains the specific purposes, and the length of time, for which their biometrics were being collected, stored and used before taking their biometrics;

e.      Whether Defendant's conduct violates BIPA;

f.      Whether Defendant's violations of BIPA are willful and reckless; and

g.      Whether Plaintiff and the Class members are entitled to damages and injunctive relief.

11

42.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive, and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

43.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

44.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, (on behalf of Plaintiff and the Class)

45.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

46.     Illinois' BIPA requires private entities, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1)

informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

47. Illinois' BIPA also requires that private entities in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. Entities which possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) must adhere to the publicly posted retention and deletion schedule. 740 ILCS 14/15(a).

48. Defendant is a "private entity" as that term is defined under BIPA. 740 ILCS 14/10.

49. Plaintiff and the other Class members have had their "biometric identifiers," namely their fingerprints, collected, captured, received or otherwise obtained by Defendant. Plaintiff and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA. 740 ILCS 14/10.

50. Each instance Plaintiff and the other Class members scanned their fingers into Defendant's timekeeping devices, Defendant captured, collected, stored, and/or used Plaintiff's and the Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

51. Defendant's practice with respect to capturing, collecting, storing, and using biometric identifiers and biometric information fails to comply with applicable BIPA

13

requirements. Specifically, with respect to Plaintiff and the other Class members, Defendant failed to:

      a.     Obtain the written release required by 740 ILCS 14/15(b)(3);

      b.     Inform Plaintiff and the Class members in writing that their biometric identifiers and/or biometric information were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(1);

      c.     Inform Plaintiff and the Class members in writing of the specific purpose for which their biometric information and/or biometric identifiers were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

      d.     Inform Plaintiff and the Class members in writing of the specific length of term their biometric information and/or biometric identifiers were being captured, collected, stored and used, as required by 740 ILCS 14/15(b)(2); and

      e.     Provide a publicly available retention schedule detailing the length of time biometric information is stored and guidelines for permanently destroying the biometric information it stores, as required by 740 ILCS 14/15(a).

52.     By capturing, collecting, storing, and using Plaintiff's and the other Class members' biometric identifiers and/or biometric information as described herein, Defendant violated Plaintiff's and the other Class members' respective right to privacy as set forth in the BIPA. 740 ILCS 14/15(a).

53.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of the BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA. 740 ILCS 14/20(1).

54. Defendant's violations of the BIPA, as set forth herein, were knowing and willful, or were in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with the BIPA disclosure, consent, and policy posting requirements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate the BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the BIPA requirements for the capture, collection, storage, and use of biometric identifiers and biometric information, including an injunction requiring Defendant to permanently destroy all biometric information of Plaintiff and of Class members in its possession and compensation in an amount to be determined at trial for the commercial value of Plaintiff's biometric information;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: November 17, 2017

Respectfully Submitted,

EDWARD KOWALSKI, individually and on behalf of a Class of similarly situated individuals

By:

One of Plaintiff's Attorneys

Myles McGuire
Evan M. Meyers
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
emeyers@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

 CT Corporation

**Service of Process Transmittal**
11/20/2017
CT Log Number 532337734

| | |
|---|---|
| **TO:** | Lisa Magdaleno<br>American Airlines Group Inc.<br>4333 Amon Carter Blvd, MD-5675<br>Fort Worth, TX 76155-2664 |

**RE:** **Process Served in Delaware**

**FOR:** American Airlines, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | EDWARD KOWALSKI, individually and on behalf of a class of similarly situated individuals, Pltf. vs. AMERICAN AIRLINES, INC., etc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Notice, Certificate, Motion, Memorandum, Declaration |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Chancery Division, IL<br>Case # 2017CH15328 |
| **NATURE OF ACTION:** | Notice of Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Courier on 11/20/2017 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | 03/19/2018 at 9:30 a.m. |
| **ATTORNEY(S) / SENDER(S):** | McGuire Law, P.C.<br>55 W. Wacker Dr., 9th Fl.<br>Chicago, IL 60601<br>312-893-7002 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1Z0399EX0132039945<br><br>Image SOP<br><br>Email Notification, Townley Teso townley.teso@aa.com<br><br>Email Notification, Lisa Magdaleno lisa.magdaleno@aa.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | The Corporation Trust Company<br>1209 N Orange St<br>Wilmington, DE 19801-1120<br>302-658-7581 |

Page 1 of 1 / VR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| EDWARD KOWALSKI, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| | ) | No.    2017CH15328 |
| *Plaintiff,* | ) ) | CALENDAR/ROOM 05 TIME 00:00 |
| v. | ) ) | Class Action |
| | ) | Hon.    Neil H. Cohen |
| AMERICAN AIRLINES, INC., a Delaware corporation, | ) ) ) | |
| *Defendant.* | ) ) | |
| | ) | |

## NOTICE OF MOTION

To:

On **March 14**, 2018 at **9:30a** or as soon thereafter as counsel may be heard, I shall appear before the Honorable **Neil H. Cohen** or any Judge sitting in that Judge's stead, in courtroom **2308**, located at the Richard J. Daley Center, 50 W. Washington St., Chicago, Illinois 60602, and present *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery.*

| | | | |
|---|---|---|---|
| **Name:** | McGuire Law, P.C. | **Attorney for:** | Plaintiff |
| **Address:** | 55 W. Wacker Dr., 9th Fl. | **City:** | Chicago, IL |
| 60601 | | | |
| **Telephone:** | (312) 893-7002 | **Firm ID.:** | 56618 |

- 1 -

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on November 17, 2017, a copy of

*Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification*

*Ruling Pending Discovery* and *Notice of Motion* was sent to Defendant's Registered Agent

by way of first class mail by depositing the same in a United States Mailbox.

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

EDWARD KOWALSKI, individually and on behalf of a class of similarly situated individuals, )

  *Plaintiff,* )

  v. )

AMERICAN AIRLINES, INC., a Delaware corporation, )

  *Defendant.* )

No.   2017CH15328
CALENDAR/ROOM 05
TIME 00:00
Hon.   Class Action
Neil H. Cohen

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
## OR, ALTERNATIVELY, FOR A DEFERRED
## CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiff, Edward Kowalski, by and through his undersigned counsel, and pursuant to 735 ILCS 5/2-801, hereby moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to satisfy any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42-43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011)). In support of his Motion, Plaintiff submits the following Memorandum of Law.

- 1 -

Dated: November 17, 2017

Respectfully submitted,

EDWARD KOWALSKI, individually and
on behalf of a class of similarly situated
individuals

By: *Evan Meyers*
One of Plaintiff's Attorneys

Myles McGuire
Evan M. Meyers
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
emeyers@mcgpc.com

*Attorneys for Plaintiff and the Proposed Class*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR
<u>A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY</u>**

This Court should certify a class of Illinois workers whose biometric identifiers and biometric information was captured, collected, stored, and used by Defendant American Airlines, Inc. ("American" or "Defendant"). Defendant, an operator of a major international commercial airline, has violated Illinois law by capturing, collecting, storing and using its workers' biometrics without obtaining proper consent, and by failing to provide workers with a retention schedule explaining how long such biometric information and biometric identifiers are used and stored and when they will be destroyed. After Plaintiff learned of Defendant's wrongful conduct, he brought suit on behalf of a class of similarly situated individuals to put a stop to Defendant's capture, collection, storage and use of biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), and to obtain redress for all persons injured by its conduct.

**I.     <u>INTRODUCTION: THE ILLINOIS BIPA</u>**

The Illinois Biometric Information Protection Act, or BIPA, is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include retina or iris scans, fingerprints, voiceprints, and scans of hand or face geometry; while biometric information can be defined as the manipulation of biometric identifiers into usable, storable data. (Complaint, "Compl.," ¶ 5.) In recognition of the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric

identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) received a written release from the person for the collection of his or her biometric identifiers and/or information; and (4) publish publicly and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/5.

## II.      FACTUAL BACKGROUND

### A.      The Underlying Misconduct.

Defendant employs hundreds, if not thousands, of people within the state of Illinois. During the relevant period, Defendant implemented a biometric timekeeping system to monitor the hours worked by its employees. Defendant acquired and installed several biometric timekeeping devices at its facilities and required its workers, including Plaintiff, to scan their fingers, uploading the information into Defendant's biometric timekeeping devices, which captured, stored, and used said finger scans. (Compl., ¶ 28.) All workers were expected to provide at least one finger to the Defendant to scan into its biometric timekeeping system. Defendant and/or its agents, through its biometric timekeeping devices, then captured, stored and used workers' finger scans and associated biometric information to monitor the hours they worked. (Compl., ¶¶ 20, 29.)

However, Defendant failed to obtain informed consent from its workers prior to capturing and collecting their biometric information and similarly failed to provide workers and the public with a retention schedule and deletion policies which detailed how and when Defendant would retain and then destroy its workers' biometric information and/or

biometric identifiers. (Compl. ¶ 31-33.) On information and belief, Defendant does not have a policy of informing its workers in any way what happens to their biometric information after it is collected and obtained, whether the information is transmitted to a third party and, if so, which third party, and what would happen to the data and information if an individual discontinues working for Defendant, if a facility were to close, or if Defendant were to be acquired, sold, or file for bankruptcy. (Compl. ¶ 35.) Despite its timekeeping practices requiring workers to enter their biometric identifiers, Defendant failed to comply with the BIPA's statutory requirements regarding collection of biometric identifiers and biometric information.

**B.     The Proposed Class.**

Plaintiff brings this action on behalf of himself and a Class of similarly situated individuals (the "Class"), defined as follows:

> All individuals whose biometrics were captured, collected, obtained, stored or used by Defendant within the state of Illinois any time within the applicable limitations period.

(Compl. ¶ 37.) As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure— numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

**III.    ARGUMENT**

**A.     Standards for Class Certification.**

To obtain class certification, it is not necessary for a plaintiff to establish that she will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178

(1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citations omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)     The class is so numerous that joinder of all members is impracticable.
> (2)     There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)     The representative parties will fairly and adequately protect the interest of the class.
> (4)     The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification

without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

## B.     The Requirement of Numerosity Is Satisfied.

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 586 N.E.2d 461, 464 (Ill. App. Ct. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 371 N.E.2d 634, 642–43 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members, but must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are hundreds, if not thousands, of members of the Class.

-7-

(Compl., ¶ 39). Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling). In this case, the allegations of the Complaint, in addition to common sense based on Defendant's significant presence in Illinois and its lack of biometric retention policies, adequately demonstrate the numerosity of the proposed Class. *See Hinman v. M & M Rental Center, Inc.*, 545 F. Supp. 2d 802, 806 (N.D. Ill. 2008) (the court "may make common sense assumptions in determining numerosity"). Defendant operates a major commercial airline flying out of two airports in Cook County, Illinois, employing hundreds, if not thousands, of individuals. As such, the number of Class members is most certainly an amount that more than satisfies the numerosity requirement. *See Kulins v. Malco, A Microdot Co., Inc.*, 459 N.E.2d 1038, 1046 (Ill. App. Ct. 1984) (finding that, in Cook County, 30 class members is sufficient to satisfy numerosity); *Carrao v. Health Care Serv. Corp.,* 454 N.E.2d 781, 789 (Ill. App. Ct. 1983) (allegation in the complaint of hundreds and possibly thousands of class members clearly support a finding that joinder would be impracticable).

Additionally, the members of the putative Class can be easily and objectively identified from Defendant's employment records once they are produced. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit. *See Gordon*, 586 N.E.2d at 464. Accordingly,

the first prerequisite for class certification is met.

### C.     Common Questions of Law and Fact Predominate.

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 428 N.E.2d 478, 483 (Ill. 1981); *Steinberg,* 371 N.E.2d at 644-45. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell,* 472 N.E.2d 883, 885-86 (Ill. App. Ct. 1984).

While common issues must predominate, they "need not be exclusive." *Maxwell v. Arrow Fin. Servs., LLC,* No. 03-cv-1995, 2004 WL 719278, at *5 (N.D. Ill. Mar. 31, 2004); *Pleasant v. Risk Mgmt. Alternatives, Inc.,* No. 02-cv-6886, 2003 WL 22175390, at *5 (N.D. Ill. Sept. 19, 2003) (certifying class where "the central factual inquiry will be common to all" the class members); *Kremnitzer v. Cabrera & Rephen, P.C.,* 202 F.R.D. 239, 242 (N.D. Ill. 2001) (finding predominance met where liability is predicated on the same legal theory and the same alleged misconduct). Class certification is proper even if there may be some possibility that "separate proceedings of some character will be required to determine the entitlements of the individual class members to relief." *Carnegie v. Household Int'l Inc.,* 376 F.3d 656, 661 (7th Cir. 2004).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendant collects, captures, stores or uses the biometrics of Class

members; whether Defendant developed and made available to the public a written policy which establishes a retention schedule and guidelines for permanently destroying biometric identifiers and information as required by BIPA; whether Defendant obtained a written release from Class members before capturing, collecting, or otherwise obtaining workers' biometrics; whether Defendant provided a written disclosure to its workers that explains the specific purposes, and the length of time, for which their biometrics were being captured, collected, stored, and used before taking their biometrics; whether Defendant's conduct violates BIPA; whether Defendant' violations of the BIPA are willful and reckless; and whether Plaintiff and the Class members are entitled to damages and injunctive relief. (Compl. ¶ 41.)

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometric identifiers and/or biometric information of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis.* Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff has satisfied this hurdle to certification.

**D.    Adequate Representation.**

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 428 N.E.2d at 482; *see also Eshaghi v. Hanley Dawson Cadillac*

*Co., Inc.*, 574 N.E.2d 760, 763 (Ill. App. Ct. 1991). The purpose of this adequacy of representation requirement is "to ensure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 530 N.E.2d 994, 1000 (Ill. App. Ct. 1988); *Gordon*, 586 N.E.2d at 466.

In this case, Plaintiff has the same interests as the members of the proposed Class. Plaintiff and all members of the Class have had their biometric information taken by Defendant without being informed in advance and in writing that such information was being taken, without giving proper consent to Defendant, and without a publicly-available retention schedule and destruction policy made available by Defendant. Additionally, this information was likely given by Defendant to a third party without the knowledge of Plaintiff or any other members of the Class. Plaintiff's pursuit of this matter demonstrates that he will be a zealous advocate for the Class. Further, proposed class counsel have regularly engaged in major complex and class action litigation, and have extensive experience in consumer class action lawsuits. (*See* Declaration of Myles McGuire, attached hereto, ¶ 5). Further, Plaintiff's counsel have been appointed as class counsel in several complex class actions. (*Id.*) Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

### E. Fair and Efficient Adjudication of the Controversy.

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class

action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 586 N.E.2d at 467. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 586 N.E.2d at 467; *Purcell & Wardrope Chtd*, 530 N.E.2d at 1001 ("the predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of...protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving BIPA, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy in their biometrics is sufficiently protected, and to compensate those individuals who have had

- 12 -

their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to honor the requirements of the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.     **CONCLUSION**

For the reasons set forth above, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: November 17, 2017                Respectfully submitted,

EDWARD KOWALSKI, individually and
on behalf of a class of similarly situated
individuals

By: _Evan Meyer_
One of Plaintiff's Attorneys

Myles McGuire
Evan M. Meyers
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
emeyers@mcgpc.com

*Attorneys for Plaintiff and the Proposed Class*

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| EDWARD KOWALSKI, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | 2017CH15328 CALENDAR/ROOM 05 TIME 00:00 |
| *Plaintiff,* | ) ) ) | No. Class Action |
| v. | ) ) | Hon. Neil H. Cohen |
| AMERICAN AIRLINES, INC., a Delaware corporation, | ) ) ) | |
| *Defendant.* | ) ) ) | |

## DECLARATION OF MYLES MCGUIRE

I, Myles McGuire, hereby aver, pursuant to 735 ILCS 5/1-109, that I have personal knowledge of all matters set forth herein unless otherwise indicated, and would testify thereto if called as a witness in this matter.

1.      I am an adult over the age of 18 and a resident of the state of Illinois.

2.      I am fully competent to make this Declaration and I do so in support of Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery.

3.      I am managing partner of the law firm McGuire Law, P.C. I am licensed to practice law in the State of Illinois, and I am one of the attorneys representing the Plaintiff in this matter.

4.      McGuire Law, P.C. is a litigation firm based in Chicago, Illinois that focuses on class action litigation, representing clients in both state and federal trial and appellate courts throughout the country.

5.    The attorneys of McGuire Law, P.C. have regularly engaged in complex litigation on behalf of consumers and have extensive experience prosecuting class action lawsuits similar in size and complexity to the instant case. I and/or attorneys at my firm have served as class counsel in numerous complex consumer class actions. *See, e.g., Shen et al v. Distributive Networks, Inc.* (N.D. Ill. 2007); *McFerren et al v. AT&T Mobility, LLC* (Sup. Ct. Fulton County, Ga. 2008); *Gray et al v. Mobile Messenger Americas, Inc. et al.,* (S.D. Fla. 2008); *Gresham et al v. Keppler & Associates, LLC et al.,* (Sup. Ct. Los Angeles County, Cal. 2008); *Weinstein et al v. The Timberland Co., et al.* (N.D. Ill. 2008); *Sims et al v. Cellco Partnership* et al., (N.D. Cal. 2009); *Van Dyke et al v. Media Breakaway, LLC et al.,* (S.D. Fla. 2009); *Paluzzi, et al. v. mBlox, Inc., et al.,* (Cir. Ct. Cook County, Ill. 2009); *Valdez et al v. Sprint Nextel Corporation* (N.D. Cal. 2009); *Parone et al v. m-Qube, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2010); *Satterfield et al v. Simon & Schuster* (N.D. Cal. 2010); *Espinal et al v. Burger King Corporation et al.,* (S.D. Fla. 2010); *Lozano v. Twentieth Century Fox,* (N.D. Ill. 2011); *Williams et al v. Motricity, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2011); *Walker et al v. OpenMarket, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2011); *Schulken at al v. Washington Mutual Bank, et al.,* (N.D. Cal. 2011); *In re Citibank HELOC Reduction Litigation* (N.D. Cal 2012); *Kramer et al v. Autobytel* et al., (N.D. Cal. 2011); *Rojas et al v. Career Education Co.* (N.D. Ill. 2012); *Ellison et al v. Steven Madden, Ltd.* (C.D. Cal. 2013); *Robles et al v. Lucky Brand Dungarees, Inc.* et al., (N.D. Cal. 2013); *Pimental et al v. Google, Inc. et al.,* (N.D. Cal. 2013); *In re Jiffy Lube Spam Text Litigation* (S.D. Cal. 2013); *Lee et al v. Stonebridge Life Ins. Co. et al.,* (N.D. Cal. 2013); *Gomez et al v. Campbell-Ewald Co.* (C.D. Cal. 2014); *Murray et al. v. Bill Me Later, Inc.,* 12-cv-4789 (N.D. Ill. 2014); *Valladares et al v. Blackboard, Inc.* (Cir. Ct. Cook County, Ill. 2016); *Hooker et al. v. Sirius XM Radio, Inc.* (E.D. Va. 2016); *Seal et al. v. RCN Telecom Services, LLC,* (Cir. Ct. Cook County, Ill. 2017);

*Manouchehri, et al. v. Styles for Less, Inc., et al.*, (S.D. Cal. 2017); *Vergara et al. v. Uber Technologies, Inc.* (N.D. Ill. 2017); *Flahive et al v. Inventurus Knowledge Solutions, Inc.* (Cir. Ct. Cook County 2017).

6.     I am a graduate of Marquette University Law School. I have been practicing law since 2000 and have been admitted to practice in the Illinois Supreme Court and in several federal courts throughout the country, including the U.S. District Court for the Northern District of Illinois and the U.S. Supreme Court.

7.     McGuire Law, P.C. has diligently investigated the facts and claims in this matter and will continue to diligently investigate and prosecute this matter. McGuire Law, P.C. has also dedicated substantial resources to this matter and will continue to do so. McGuire Law, P.C. has the financial resources necessary to fully prosecute this action through trial and to provide the necessary and appropriate notice to the class members should this proposed class be certified.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 17, 2017 in Chicago, Illinois.

Myles McGuire