IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDWARD KOWALSKI, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) No. 17-cv-09080 |
| *Plaintiff*, | ) ) ) Hon. Rebecca R. Pallmeyer |
| v. | ) ) ) Magistrate Judge Sheila Finnegan |
| AMERICAN AIRLINES, INC., a Delaware Corporation, | ) ) ) |
| *Defendant*. | ) ) |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff Edward Kowalski ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Second Amended Class Action Complaint against Defendant American Airlines, Inc., ("Defendant" or "American"), to stop its unlawful collection, use, storage, and dissemination of individuals' biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* (the "BIPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows based on personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints and hand geometry. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. Collectively, biometric identifiers and biometric information are known as "biometrics." 740 ILCS 14/10.

2. Defendant American requires its workers, including Plaintiff, to provide their biometrics, in the form of fingerprints, so that Defendant may accurately track such workers' respective individual work hours.

3. Defendant's use of biometrics is for the purpose of advancing Defendant's own business interests.

4. BIPA provides, *inter alia*, that a private entity, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, including any data regardless of the manner from which it was converted, or is converted or stored, unless it first:

    a. informs that person in writing that biometrics will be collected or stored;

    b. informs that person in writing of the specific purpose and the length of term for which such biometrics are being collected, stored and used; and

    c. receives a written release from the person for the collection of their biometrics.

740 ILCS 14/15(b)(1)-(3).

5. BIPA also requires private entities in possession of biometrics to develop a publicly-available written policy outlining the storage and destruction policies of such biometric identifiers, and/or any biometric information derived from such identifiers. 750 ILCS 14/15(a).

6. Finally, private entities are prohibited from profiting from an individual's biometrics, as well as disclosing the same to third parties without informed consent. 740 ILCS 14/15(c)&(d).

7. Indeed, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information," (740 ILCS 14/5), and therefore require special treatment compared to traditional private personal information. For example, even sensitive information like

Social Security numbers, when compromised, can be changed. "Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5.

8. Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper and/or through a prominently featured notice affixed to a biometric-enabled device.

9. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

10. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

11. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating his biometric privacy rights under BIPA.

12. On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

13. At all relevant times, Defendant American Airlines, Inc., has been a Delaware corporation registered with and authorized by the Illinois Secretary of State to transact business in Illinois. Defendant transacts business in this District.

14. At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois and worked for Defendant at O'Hare International Airport in Chicago, Illinois.

## JURISDICTION AND VENUE

15. This Court has diversity jurisdiction under 28 U.S.C. § 1332(d), because (i) at least one member of the putative class is a citizen of a state different from any Defendant, (ii) the amount in controversy exceeds $5,000,000 exclusive of interests and costs, and (iii) none of the exceptions under that subsection apply to the instant action.

16. This Court has personal jurisdiction over Defendant because Defendant transacts business in Illinois and because a substantial part of the events giving rise to Plaintiff's claims arise out of Defendant's unlawful in-state actions.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, as Defendant captured Plaintiff's biometrics at one of its facilities located in this District.

## FACTS SPECIFIC TO PLAINTIFF

18. During the relevant time period, Plaintiff worked for Defendant at O'Hare International Airport in Chicago, Illinois.

19. Defendant is a leader in the airline industry, operating a global fleet of aircraft making thousands of flights around the world per day.

20. Defendant's timetracking practice has relied on a biometric information device which scans workers' fingerprints to "clock-in" and "clock-out" of work every day. Plaintiff was required to provide his biometric information as a condition of his employment.

21. Defendant acquired and installed several biometric timetracking devices at its facilities, including at O'Hare, and required its workers, including Plaintiff, to have their fingerprints scanned by its biometric timetracking devices, which captured, collected, and stored their fingerprints and/or biometric information. Defendant's workers' biometric identifiers were

associated with their identities and used by Defendant to identify and track their work time. Defendant required its workers to use its biometric timetracking system in order to extract greater profit which occurred at the expense of its workers' right to privacy in their biometrics.

22. After workers' biometrics are captured and collected by Defendant, Defendant requires such workers to scan their fingers using Defendant's biometric timetracking devices each time they "clock-in" and "clock-out." Defendant's system ensures that workers can only verify their attendance and timeliness through scanning such information.

23. In addition to the instance when workers' fingerprints are initially captured, on each occasion that Defendant's workers in Illinois scan a finger through Defendant's biometric timetracking devices, Defendant is unlawfully capturing and using workers' biometrics and thereby invading the workers' privacy. Defendant then disseminates such biometrics to payroll processors and other vendors, who then store and use such information on each successive occasion it is provided by Defendant.

24. Prior to taking Plaintiff's biometrics, Defendant did not inform Plaintiff in writing that his biometrics were being collected, stored, used, or disseminated, nor did Defendant publish any policy about the collection, retention, and use of such information. Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of his biometrics.

25. Prior to taking Plaintiff's biometrics, Defendant did not obtain consent from Plaintiff or its workers for any dissemination of their biometrics to third parties. Defendant has violated the BIPA on each occasion it disseminates such biometrics to third parties.

26. By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric privacy.

**CLASS ALLEGATIONS**

27. Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a Class defined as follows:

> All individuals whose biometric identifiers and/or biometric information were captured, collected, obtained, stored, or used by Defendant within the state of Illinois any time within the applicable limitations period.

28. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

29. Upon information and belief, there are hundreds, if not thousands, of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's personnel records.

30. Plaintiff's claims are typical of the claims of the Class members he seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other Class members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the other putative Class members have all suffered damages as a result of Defendant's BIPA violations.

31. There are many questions of law and fact common to the claims of Plaintiff and the other Class members, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include:

    a. Whether Defendant collects, captures, stores, uses, and/or disseminates the biometrics of Class members;

    b.    Whether Defendant developed, and made publicly available, a written policy which establishes a retention schedule for biometrics;

    c.    Whether Defendant obtained a written release from Class members before capturing, collecting, or otherwise obtaining workers' biometrics;

    d.    Whether Defendant provided a written disclosure to its workers that explains the specific purposes, and the length of time, for which their biometrics were being collected, stored and used before taking their biometrics;

    e.    Whether Defendant's conduct violates the BIPA;

    f.    Whether Defendant's violations of the BIPA are willful and reckless; and

    g.    Whether Plaintiff and the Class members are entitled to damages and injunctive relief.

32.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

33.    Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

34. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*
### (on behalf of Plaintiff and the Class)

35. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36. Defendant is a "private entity" under BIPA.

37. Plaintiff and the other Class members had their "biometric identifiers," namely their fingerprints, collected, captured, or otherwise obtained by Defendant. Plaintiff's and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by the BIPA. 740 ILCS 14/10.

38. Each instance when Plaintiff and the other Class members scanned their fingers into Defendant's timetracking devices, Defendant captured, collected, stored, and/or used their biometrics without valid consent and without complying with BIPA.

39. Defendant's practice with respect to capturing, collecting, storing, using, and disseminating biometrics fails to comply with the applicable BIPA requirements. Plaintiff and the other Class members have been aggrieved by Defendant's failure to adhere to the following BIPA requirements, with each such failure constituting a separate and distinct violation of BIPA and a separate and distinct cause of action:

   a. Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, as required by 740 ILCS 14/15(b)(1);

    b. Defendant failed to inform Plaintiff and the Class members in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    c. Defendant failed to inform Plaintiff and the Class members in writing of the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    d. Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

    e. Defendant failed to provide a publicly available retention schedule detailing the length of time biometric were stored and/or guidelines for permanently destroying the biometrics it stores, as required by 740 ILCS 14/15(a); and

    f. Defendant failed to obtain consent to disclose or disseminate the Class members' biometrics, as required by 740 ILCS 14/15(d)(1).

40. By capturing, collecting, storing, using, and disseminating Plaintiff's and the other Class members' biometrics as described herein, Defendant violated Plaintiff's and the other Class members' respective rights to privacy concerning their biometrics, as set forth in BIPA.

41. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of the BIPA and damages of $1,000 for each negligent violation. 740 ILCS 14/20(1).

42. Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with the BIPA disclosure, consent, and policy posting requirements.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate the BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the BIPA requirements for the capture, collection, use, storage, and dissemination of biometric identifiers and biometric information;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: April 1, 2019

Respectfully submitted,

EDWARD KOWALSKI, individually and on behalf of a class of similarly situated individuals,

By: /s/ Jad Sheikali
*One of Plaintiff's Attorneys*

Evan M. Meyers
Jad Sheikali
MCGUIRE LAW, P.C.

55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
emeyers@mcgpc.com
jsheikali@mcgpc.com

*Counsel for Plaintiff and the Putative Class*